(92 Misc. Rep. 269)

PINE CLIFFS FARMS, Inc., v. COLLIER.

(Supreme Court, Special Term, Albany County. November, 1915.)

1. ACCOUNT ☞17—ACCOUNTING—REQUISITES OF COMPLAINT—ADEQUATE REMEDY AT LAW.

A complaint in an action in equity for an accounting need not allege the conclusion that plaintiff has no adequate remedy at law, where it states facts from which this conclusion necessarily follows.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–82, 84–88; Dec. Dig. ☞17.]

2. PARTNERSHIP ☞327—ACCOUNTING—COMPLAINT—REMEDY AT LAW.

A complaint alleging that, under a contract between defendant and J., defendant was to cut and put in marketable condition certain lumber on J.'s premises, that the lumber was to be sold and the proceeds equally divided, that defendant cut and marketed the lumber and collected the proceeds thereof, that J.'s claim to such proceeds had been assigned to plaintiff, that plaintiff's demand of an accounting from defendant had been refused, that there had been no final settlement of the accounts between the parties, and that on the final accounting prayed for a balance would be found due plaintiff, was not demurrable for failure to specifically allege that plaintiff had no adequate remedy at law; it necessarily following from the facts alleged that plaintiff had no such remedy.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 769–778; Dec. Dig. ☞327.]

3. PARTNERSHIP ☞322—ACCOUNTING—PARTIES—COMPLAINT.

Such complaint was subject to a demurrer, however, for defect of parties; it appearing from the face thereof that J. was a necessary party to a complete determination of the matters involved in the accounting sought.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 746–752; Dec. Dig. ☞322.]

Action by the Pine Cliffs Farms, Incorporated, against William Collier. Demurrer to complaint sustained.

Crandell & Graf, of Hudson, for plaintiff.
Chancellor Hawver, for defendant.

CHESTER, J. The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and on the further ground that it appears upon the face

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the complaint that there is a defect of parties. In the complaint it is alleged that the defendant and one Jagels entered into an agreement whereby the defendant agreed to cut certain lumber on the premises then owned by Jagels and to do all work and labor in connection therewith to put such lumber into marketable condition, and that said lumber was to be sold and the proceeds thereof divided equally between the said Jagels and the said defendant, and that, pursuant to such agreement, the defendant cut and marketed the lumber and collected the proceeds thereof.

There is an allegation of the assignment of the claim of Jagels to the plaintiff, and a further allegation that the plaintiff has demanded an accounting of the defendant, which demand has been refused, and that there has been no final settlement of the accounts between the parties, and that upon a final accounting a balance will be found due from the defendant to the plaintiff. In its prayer for relief the plaintiff asks that an account of the affairs of said parties be taken and stated, and that the defendant be directed to pay the plaintiff such sum as may be found to be owing by the defendant to the plaintiff upon such accounting.

[1] The complaint contains no allegation that the plaintiff has no adequate remedy at law, and for this reason it is urged that there has been a failure to state a cause of action in equity; but, if the complaint states facts sufficient to show that the plaintiff had no adequate remedy at law, it is then unnecessary to allege the conclusion for the conclusion necessarily follows from the allegation of the facts.

[2] The rule has been stated by Pomeroy in his Equity Jurisprudence (section 1421) to be that:

"Equity jurisdiction is also practically exclusive in proceedings for an account and settlement of partnership affairs. * * * The equitable jurisdiction over partnerships is a necessary outgrowth of the jurisdiction over accounting."

This rule has been cited with approval in King v. Barnes, 109 N. Y. 286, 16 N. E. 332. While the relation between the defendant, Collier, and plaintiff's assignor, Jagels, was not that of a general partnership, it is clear from the facts stated in the complaint that they were copartners with respect to the cutting and marketing of the lumber mentioned in the complaint, and that with respect to such partnership there has been no accounting between them. The fact of the existence of this fiduciary relation, together with the need of a discovery, is sufficient to justify the interposition of the equitable jurisdiction of the court. 1 Ency. Pl. & Pr. 93; Marvin v. Brooks, 94 N. Y. 71, 80. I think there are sufficient facts shown in this complaint to justify the conclusion that the plaintiff has no adequate remedy at law for the accounting it seeks, and for that reason the demurrer should not be sustained on the ground of the insufficiency of the pleading.

[3] This, however, being an action in equity, it seems to me clear that Jagels is a necessary party to a complete determination of the matters involved. There can be no accounting between him and the defendant, Collier, that will bind him without his being brought in. Collier should not be put to the hazard of a suit brought by Jagels'

assignee for that purpose, where Jagels would not be concluded from forever contesting either the fact or the validity of the assignment of his interest to the plaintiff, as well as from subsequently attacking any matter concerning the accounting. The absence and the necessity of Jagels as a party are facts appearing on the face of the complaint, and therefore the demurrer on the ground of defect of parties was properly interposed.

The demurrer is sustained, and the complaint dismissed, with costs.

Demurrer sustained, with costs.